IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LEONARD EUGENE KING, | ) | |
|     Petitioner, | ) | Civil Action No. 7:16cv00058 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| UNITED STATES OF AMERICA, | ) | United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Leonard Eugene King, an inmate at the United States Penitentiary in Lee County, Virginia, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. King alleges that his federal criminal sentence is unlawful under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). Upon review of the record, the court concludes that King's claim for relief cannot proceed under § 2241 and, therefore, the court will construe the petition as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 and transfer it to the sentencing court.

King was convicted in the United States District Court for the District of Maryland of possessing with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). *United States v. King*, No. 8:14cr00028-1 (D.M.D. Dec. 16, 2014). King did not appeal and has not filed a § 2255 motion. King now petitions this court under § 2241 for habeas relief under *Johnson*, which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process.

King challenges the legality of his federal sentence, and such claims must normally be raised on appeal or in a § 2255 motion in the sentencing court. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Section 2241 petitions generally challenge the way a sentence is executed. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). King, in order to bring his current challenge under § 2241, would have to meet the requirements of the § 2255 savings clause and then meet the stringent standard mandated under *In re Jones* to establish that a § 2255 motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *see In re Jones,* 226 F.3d at 333-34 (finding that a challenge to a federal conviction is barred from review under § 2241 absent a showing that under a post-conviction change in the law, petitioner's offense conduct is no longer criminal).

The current petition fails to state facts on which King could satisfy the savings clause and *In re Jones* standards. Because *Johnson* had no effect on the criminality of King's offense conduct – possessing with the intent to distribute drugs and possessing a firearm as a felon – he cannot proceed with his claim under § 2241. Therefore, the court will construe King's petition as a § 2255 motion and transfer it to the United States District Court for the District of Maryland.

An appropriate order will be entered.

Entered: March 8, 2016.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge